J-S25027-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
BLAKE SMITH :
:
Appellant : No. 1564 WDA 2017

Appeal from the PCRA Order October 12, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0004823-2006,
CP-02-CR-0010926-2005,
CP-02-CR-0017785-2005

BEFORE: GANTMAN, P.J., PANELLA, J., and OTT, J.

JUDGMENT ORDER BY PANELLA, J.: FILED AUGUST 30, 2018

Blake Smith appeals pro se from the order entered in the Allegheny County Court of Common Pleas, denying as untimely his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The relevant facts and procedural history of this case are as follows. Appellant entered a guilty plea to one count of rape, two counts each of robbery, burglary, and criminal attempt to commit homicide, and three counts of aggravated assault. The court sentenced Appellant to an aggregate 30-60 years' incarceration on February 14, 2007. This Court affirmed his judgment of sentence, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on April 22, 2009.

Thereafter, Appellant filed a timely PCRA petition, alleging the court imposed an illegal sentence by failing to merge one of his aggravated assault convictions with his conviction for attempted homicide of the same victim. The PCRA court granted relief, and ultimately resentenced Appellant to an aggregate 25-50 years' incarceration. Appellant appealed, and challenged the discretionary aspects of his sentence. This Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal on November 7, 2013.

Appellant filed a second PCRA petition, as well as a petition for writ of habeas corpus on October 19, 2014. The PCRA court issued notice of its intention to dismiss pursuant to Pa.R.Crim.P. 907, and subsequently dismissed his petition.

Appellant then filed the petition at issue here, styled as "Defendant's Petition to Dismiss Case/Cause of Action for Lack of Subject Matter Jurisdiction and Writ of Habeas Corpus Ad Subjiciendum," on August 17, 2017. The PCRA court issued Rule 907 notice, and dismissed the petition. Appellant timely filed a notice of appeal. The PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); instead, Appellant filed a 16-page document with hundreds of questions challenging issues relating, of all things, to civil procedure. This appeal is now before us.

We have routinely held that "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." Commonwealth

v. Jackson, 30 A.3d 516, 521 (Pa. Super. 2011) (citation omitted). Thus, the PCRA court properly considered Appellant's filing a PCRA petition. However, before we may consider the merits of Appellant's claims, we must first consider the timeliness of his PCRA petition. See Commonwealth v. Miller, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

Commonwealth v. Jones, 54 A.3d 14, 16-17 (Pa. 2012) (some internal citations and footnote omitted).

> [A] successful first PCRA petition does not 'reset the clock' for the calculation of the finality of the judgment of sentence for purposes of the PCRA where the relief granted in the first petition neither restored a petitioner's direct appeal rights nor disturbed his conviction, but, rather, affected his sentence only.

Commonwealth v. McKeever, 947 A.2d 782, 785 (Pa. Super. 2008).

Appellant was resentenced after a successful first PCRA petition. Though Appellant's new sentence did not "reset the clock" for any claims unrelated to the resentencing, his judgment of sentence related to resentencing claims became final on February 5, 2014. Appellant filed his current petition on

August 17, 2017. Thus, even if all of Appellant's current claims relate to his resentencing, they are nevertheless untimely. Consequently, the PCRA court lacked jurisdiction to review Appellant's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. See 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). And a petitioner asserting one of these exceptions must file a petition within 60 days of the date the claim could have first been presented. See 42 Pa.C.S.A. § 9545(b)(2).

In his petition, Appellant appears to challenge the validity of the Pennsylvania Constitution, and the trial court's subject matter jurisdiction over his guilty plea. He cites primarily to outdated law from other jurisdictions for his unusual propositions. Unfortunately, none of the arguments in his petition may be construed as exceptions to the PCRA's time-bar.[1] Appellant has thus failed to successfully plead any of the exceptions to the PCRA's time-bar. Accordingly, we affirm the PCRA court's order denying Appellant's petition.

Order affirmed.

_____

[1] We also note the woeful inadequacies of Appellant's brief, in violation of Pa.R.A.P. 2111(a). He raises numerous theological arguments, and presents theories on the meaning of "citizenship," and cites almost exclusively to Biblical passages. Appellant's Brief at 24 (unpaginated).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  8/30/2018